**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* C.G.

No. 22-0316 (Mason County 21-JA-63)

**MEMORANDUM DECISION**

Petitioner Mother J.M.[1] appeals the Circuit Court of Mason County's March 29, 2022, order terminating her parental rights to C.G.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In November of 2021, the DHHR filed a petition alleging that petitioner failed to obtain adequate treatment for then-fifteen-year-old C.G.'s serious mental health issues, did not cooperate with service providers, and refused to participate with in-home safety services. Based on evidence obtained during the proceedings evidencing petitioner's inappropriate and harmful communication with the child, the court ordered no contact between C.G. and petitioner.

In January of 2022, the court held two contested adjudicatory hearings. C.G. testified in camera that petitioner used drugs in her presence; threatened to cut off her contact with a close relative as punishment; failed to take her to get medical, dental, or eye care; often failed to take her to school; insulted her with derogatory slurs; and forced her to clean and take care of the home by herself. C.G. reported that petitioner tried to leave with her rather than admit her at an initial hospital stay and was extremely combative with hospital staff while claiming that C.G. only wanted attention and would not actually hurt herself. C.G. explained that after her discharge, petitioner delayed getting her psychological medications filled by three days, and C.G. then attempted suicide by overdosing. She reported that petitioner would not take her to the hospital when C.G. told her that she was "feeling suicidal" and only took her after she overdosed on her medication. She stated that she was able to overdose on the medications due to lack of supervision and that she had access to a loaded firearm, which she found in petitioner's car or in her drawer.

---

[1]Petitioner appears by counsel R. Michael Shaw Jr. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Patrick Morrisey and Brittany N. Ryers-Hindbaugh. Tanya Hunt Handley appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

C.G.'s school counselor testified that when he alerted petitioner of C.G.'s concerning behaviors such as giving away her personal items and telling friends that she was going to shoot herself, petitioner did not appear concerned and played games on her phone. Petitioner testified that she was aggressive with hospital staff because they would not let her outside to smoke, that she filled C.G.'s prescriptions two days after C.G. was discharged because petitioner was sick, and that she denied appearing unconcerned about C.G.'s suicidal actions. Based on the above evidence, the circuit court adjudicated petitioner as an abusing parent.

In February of 2022, the guardian moved to hold petitioner in contempt of the court's no contact order after petitioner left a thirty-minute recording on C.G.'s phone, wherein petitioner called C.G. and her placement vulgar names, threatened them, and implied that if C.G. had really wanted to kill herself, she could have attempted other methods. The same month, the circuit court held a final dispositional hearing. Petitioner orally moved for a post-adjudicatory improvement period.[3] Petitioner introduced a document she titled "Declaration of Facts," in which she denied all wrongdoing and blamed the DHHR for C.G.'s suicide attempt while in her care. The DHHR joined in the guardian's motion to terminate petitioner's parental rights. The court, considering prior evidence and arguments presented, found that petitioner showed no remorse, continued to deny any wrongdoing, and provided no evidence that she would participate in an improvement period and correct the underlying issues. The court concluded that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for C.G.'s welfare. Accordingly, the circuit court terminated petitioner's parental rights to the child by its March 29, 2022, order. Petitioner now appeals that order.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying her motion for an improvement period. We find that petitioner is entitled to no relief. We recently explained that "[a] circuit court may not grant a post-adjudicatory improvement period under W. Va. Code § 49-4-610(2) (eff. 2015) unless the respondent to the abuse and neglect petition files a *written* motion requesting the improvement period." Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. --, -- S.E.2d --, 2021 WL 5355634 (2021) (emphasis added). Because petitioner fails to cite to any portion of the record to establish that she filed a written motion for an improvement period, she cannot be entitled to relief.

Next, regarding petitioner's argument that her adjudication was improper, we find no error. Petitioner's assertion that she was very concerned with C.G.'s mental state and treated it seriously is contradicted by the testimony of the school counselor, C.G.'s in camera testimony, and petitioner's communications with the child. After weighing the evidence, the court found petitioner's testimony less than credible. We decline to disturb its credibility determinations. *See*

---

[3]The record does not contain a written motion for an improvement period. It also fails to contain a docket sheet as required by Rule 7(d)(7) of the Rules of Appellate Procedure.

[4]The father's parental rights were also terminated below. The permanency plan for the child is adoption in a foster placement.

*Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). The credible evidence presented during the adjudicatory hearing justified the trial court's adjudication of petitioner as an abusing parent. Accordingly, we find that the circuit court committed no error.

Finally, petitioner completely fails to develop her argument that the circuit court erred in terminating her parental rights, falling woefully short of complying with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." This Rule also provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id*. Having failed to comply with Rule 10(c)(7), this alleged error will not be addressed.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 29, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn